# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1705V**
Filed: December 20, 2024

| | |
|---|---|
| BILL TACKETT, JR.,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Michael R. Herron, II,* Law Offices of Michael R. Herron, Tampa, FL, for Petitioner.
*Julia Marter Collison,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

  On November 30, 2020, Bill Tackett, Jr. "petitioner" filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner filed an amended petition on May 24, 2021. Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of his October 1, 2019 influenza ("flu") vaccination. Petition at 1-2. On February 13, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on that same day. (ECF Nos. 78-79.)

  On March 21, 2024, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 85.) ("Fees App."). Petitioner requests attorneys' fees in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$73,022.00 and attorneys' costs in the amount of $4,604.98. Fees App. at 2. Pursuant to General Order No. 9, petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* Thus, the total amount requested is $77,626.98. On March 25, 2024, respondent filed a response to petitioner's motion. (ECF No. 86.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. However, Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee

reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for his attorney Mr. Michael Herron, II: $425.00 per hour for work performed in 2019, $435.00 per hour for work performed in 2020, $450.00 per hour for work performed in 2021, $465.00 per hour for work performed in 2022, and $500.00 per hour for work performed in 2023 and 2024. Petitioner also billed for paralegal work performed between 2020, and 2023, at a rate of $100.00 per hour. It appears that this is Mr. Herron's first case in the Vaccine Program. Considering his 26 years of experience practicing law, I find that the rates requested for Mr. Herron's work are reasonable and shall be awarded herein. The rate requested for the paralegal work is also reasonable.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the billing entries reveal time was billed for administrative tasks such as organizing and scanning documents, filing documents in CM/ECF, and bates stamping exhibits. Fees App. Ex. A at 6.

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge." *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also *Floyd v. Sec'y of Health & Human Servs.*,

3

No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that " 'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Overall, I find that a **$500.00** reduction is appropriate in order to achieve "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $72,522.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,604.98 in attorneys' costs comprised of acquisition of medical records, postage, the Court's filing fee, and process server fees. *See* Fees App. Ex. B at 1. This amount also includes the expert services of Dr. Asif Ilyas who is board certified in orthopaedic surgery with a certificate of added qualification in hand and upper extremity surgery. (ECF No. 59.) Dr. Ilyas provided one expert report and billed a total of $3,000.00. Fees App. Ex. F at 16. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.[3]

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $77,126.98, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Michael R. Herron, II.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

---

[3] In awarding the full amount of costs sought, I am not specifically endorsing any particular hourly rate for the work of Dr. Ilyas. Rather, I find that the total amount billed for Dr. Ilyas's work is reasonable, and respondent did not identify with particularity any objection.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

**IT IS SO ORDERED.**

                                              **s/Daniel T. Horner**
                                              Daniel T. Horner
                                              Special Master